FILED
JANUARY 4, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 77**

| | |
|---|---|
| DEMARCO MAX VAC CORPORATION, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. |
| v. | ) ) ) |
| NORTHWIND AIR SYSTEMS (a Canadian Corporation) d/b/a DUROVAC INDUSTRIAL VACUUMS, & JAN OSTERMEIER INDUSTRIAL VACUUMS SALES LLC (a Wisconsin Corporation) | ) ) ) ) ) ) ) |
| Defendants. | |

**JUDGE DER-YEGHIAYAN**
**MAGISTRATE JUDGE VALDEZ**

## COMPLAINT

Plaintiff, DeMarco MaxVac Corporation (hereinafter "DeMarco") by their attorney, as and for its Complaint against Defendant, Northwind Air Systems d/b/a Durvoac Industrial Vacuums ("Durovac"), Jan Ostermeier and Industrial Vacuums Sales, LLC ("IVS") alleges as follows:

**I.      Parties**

1.      Plaintiff, DeMarco is an Illinois corporation with its principal place of business located in McHenry, Illinois.

2.      Durovac, upon information and belief, is a Canadian corporation with its principal place of business located in 15 Iris Crescent, Brampton, Ontario (Canada).

3.      Jan Ostermeier is a resident of Wisconsin. Upon information and belief, he is the sole member of IVS, a Wisconsin limited liability company.

**II.     Jurisdiction and Venue**

4.      This is a complaint for Trademark Infringement, Unfair Competition, and False Description arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) (Trademark Infringement) and 1125(a) (Unfair Competition and False Description), and for Unfair Business Practice arising under Illinois law.

5.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121. This Court has related claim jurisdiction over the state law claim pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

6.      This Court has personal jurisdiction over the defendants Durovac, Ostermeier and IVS because they each maintain a presence in the State of Illinois by and through their respective solicitation of business in Illinois, by and through sales to Illinois customers through their internet website accessible in Illinois through the domain name www.durovac.com and www.industrialvacumesales.com by virtue that Defendants intended to, and did engage in acts that resulted in harmful effects in Illinois. On information and belief too, each of the Defendants have systematically conducted business in the State of Illinois.

7.      Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, a substantial part of the property that is the subject of the action is situated in this district, and the Plaintiff maintains its principal place of business in this district.

**III.    Trademark At Issue**

8.       DeMarco is in the business of manufacturing and marketing of certain

industrial vacuum equipment. DeMarco is the owner of all right, title and interest in and to the trade marks "Max," "Max Vac" "Super Max Vac" and "DeMarco Max Vac" (collectively referred to herein as ('Max'-related marks") as used in relation to vacuum cleaners for industrial use and vacuum loaders and pneumatic conveyors for use in schools, commercial buildings and industrial plants for removing asbestos and other fibrous material and particulates under suction and negative pressure (hereinafter "Industrial Vacuums").

9. In recognition of DeMarco's exclusive rights to the trade marks "Max" in the context of Industrial Vacuums, the U.S. Patent and Trademark Office has granted DeMarco numerous registrations on the principal register for the marks "Max," "Max Vac" "Super Max Vac" and "DeMarco Max Vac" which it utilizes by displaying with the mark the symbol "®".

10. All of DeMarco's U.S. registrations for the "Max"-related marks are valid and subsisting in law and were duly and legally issued.

11. DeMarco's "Max"-related marks have been used continuously by DeMarco prior to the registration of its marks.

12. DeMarco's success and its prospects for continued success depend upon its ability to maintain exclusive use of its proprietary marks, including exclusive use of the trade name "Max" and "Max Vac" in the Industrial Vacuum marketplace. DeMarco has invested heavily in advertising its products with its "Max"-related marks and its marks have become associated in the Industrial Vacuum marketplace with high quality, long life, low maintenance and low cost.

3

### IV. Defendants' Wrongful Actions

13. Defendants are marketing competing products in the Industrial Vacuum market called under the trade name "Max-Ak" and "Max" This both directly infringes upon the "Max" trade name owned by DeMarco and further constitutes a confusingly similar and improper us of the "Max Vac" trade name.

14. DeMarco further manufactures a line of industrial vacuums sold as the "Ak-Max Competitor Series." In a deliberate attempt to confuse customers, Defendants are marketing a product referring to as the "Max-Ak Competitor Plus Series"

15. Defendants are also improperly using the trade name "Max" in association with their marketing of other Industrial Vacuum products such as the "Powerlift MAX."

### COUNT I
### Federal Trademark and Service Mark Infringement

16. Plaintiff repeats the allegations of Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17. Defendants has used the "Max"-related service marks without authorization from DeMarco and with actual knowledge of DeMarco's rights in the marks.

18. Defendants are using and continues to use the "Max" related marks in order to deceive the public into believing, mistakenly, that the Defendants' products are related to and/or associated with DeMarco's products or upon information and belief, consumers are in fact being deceived by the wrongful use of the "Max"-related marks, and DeMarco is suffering actual damage to its business reputation and goodwill.

19. The above identified conduct constitutes an intentional infringement of

4

DeMarco's exclusive rights in its federally registered "Max"-related service marks in violation of 15 U.S.C. § 1114(1).

20. Defendants' acts of unfair competition as alleged herein are causing and are likely to continue to cause substantial, irreparable injury to DeMarco and to the goodwill of the "Max"-related marks, for which DeMarco has no adequate remedy at law. DeMarco is therefore entitled to temporary, preliminary and permanent injunctive relief to remedy Defendants' actions, and/or inactions in addition to damages.

21. Defendants' actions have unjustly enriched it and damaged Plaintiff, thereby entitling Plaintiff to monetary damages in an amount to be determined at trial.

## COUNT II
### Federal Unfair Competition

22. Plaintiff repeats the allegations of Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

23. Defendants engaged in willful efforts to mislead or deceive consumers into believing that its products are associated with DeMarco or affiliated with, or sponsored or endorsed by DeMarco.

24. Defendants' actions and/or inactions constitute unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25. Such acts of unfair competition by Defendants as alleged herein are causing and are likely to continue to cause substantial irreparable injury to DeMarco and the public for which DeMarco has no adequate remedy at law. DeMarco is therefore entitled to preliminary and, thereafter, permanent injunctive relief to remedy such unauthorized actions, in accordance with 15 U.S.C. 1116, in addition to damages, in accordance with 15 U.S.C. 1117. DeMarco is further entitled to immediate delivery from

5

Defendants of Plaintiffs' "Max"-related marks and all other related proprietary materials pursuant to 15 U.S.C. 1118.

26. As a result of Defendants' willful and intentional misconduct, Plaintiff is entitled to monetary damages permitted by statute in an amount to be determined at trial.

## COUNT III
### Federal Trademark and Service Mark Dilution

27. Plaintiff repeats the allegations of Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

28. The "Max"-related marks are famous and became famous prior to Defendants' unauthorized use of them.

29. Defendants' unauthorized use and the continuing use of the "Max"-related marks constitutes commercial use in commerce of a mark or name that tarnishes and dilutes the distinctive quality of Max-related marks in violation of the Federal Dilution Act of 1995, 15. U.S.C. § 1125(c).

30. Such conduct has caused, and unless temporarily, preliminarily, and thereafter permanently enjoined, will continue to cause, irreparable injury to Plaintiff and to the goodwill associated with the "Max"-related marks.

31. Defendants' misconduct has enabled it to earn profits to which it was not in equity or good conscience entitled, and this misconduct unjustly enriched it at DeMarco's expense.

32. As a direct and proximate result of Defendants' willful and intentional misconduct, Plaintiff is entitled to monetary damages permitted by statute in an amount to be determined at trial.

6

## COUNT IV
**Misappropriation and Conversion**

33. Plaintiff repeats and alleged the allegations of Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

34. Defendants have, through its unauthorized use and continuing use of the "Max"-related marks, misappropriated the marks and associated goodwill, and has unlawfully converted them to its own use.

35. Defendants' intentional and willful misconduct has enabled it to earn profits to which it was not entitled in equity or good conscience.

36. DeMarco is therefore entitled to recover from Defendants all profits earned as a result of its misappropriation and conversion in an amount to be determined at trial.

37. Because such misappropriation and conversion was committed willfully and performed with intent to harm DeMarco, DeMarco is also entitled to punitive damages in an amount to be determined at trial.

## COUNT V
**Common Law Unfair Competition**

38. Plaintiff repeats and alleged the allegations of Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

39. Upon information and belief, Defendants have used, and continue to use the "Max"-related marks with the intent of deceiving and misleading the public and with the intent of misdirecting business to Defendants under the mistaken belief that the Defendants' products are associated with DeMarco's products and therefore constitute unfair competition.

7

40. DeMarco has been and will continue to be irreparably harmed by Defendants' conduct unless and until Defendants' actions are temporarily, preliminarily, and thereafter permanently enjoined.

41. DeMarco has no adequate remedy at law; therefore, it is entitled to the preliminary, and permanent injunctive relief it seeks, in addition to damages in an amount to be determined at trial.

## COUNT VI
### Illinois Consumer Fraud and Deceptive Business Practices Act

42. Plaintiff repeats and alleges the allegations of Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

43. Defendants' actions as set forth above constitute unfair and deceptive practices in conduct of trade or commerce in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1, et. seq.

44. Defendants have committed and continues to commit these acts willfully and with the intent that consumers will rely on these unfair and deceptive trade practices.

45. Plaintiff has suffered actual damages as a result of these acts.

46. Plaintiff is entitled to an injunction enjoining Defendants from the further commission of unfair and deceptive trade practices and are entitled to recover actual damages, damages for aggravation and inconvenience, punitive damages, and attorney fees pursuant to 815 Ill. Comp. Stat. 501/l0a(c).

## COUNT VII
### Uniform Deceptive Trade Practices Act

47. Plaintiff repeats and alleges the allegations of Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

48. Defendants' actions as set forth above constitute deceptive trade practices in violation of the Uniform Deceptive Trade Practices Act, enacted in Illinois pursuant to 815 Ill. Comp. Stat. 510/1, et. seq.

49. Defendants have engaged in and continues to engage in these deceptive trade practices willfully.

50. Plaintiff is entitled to an injunction enjoining Defendants, their successors and assigns from the further commission of these deceptive trade practices and are entitled to recover costs and attorney fees pursuant to 815 Ill. Comp. Stat. 510/3.

WHEREFORE, Plaintiff requests monetary damages in an amount to be determined, punitive damages, attorney fees, costs, injunctive relief and any other relief deemed appropriate by this Court.

Respectfully submitted,

DeMarco Max Vac Corporation

By: /s/ Jon D. Cohen
One of Its Attorneys

Jon D. Cohen, ARDC No. 6206666
STAHL COWEN CROWLEY, LLC
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 641-0060
Facsimile: (312) 423-8156