UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEMARCO MAX VAC CORPORATION ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 08-cv-77 |
| ) | |
| NORTHWIND AIR SYSTEMS (a Canadian Corporation) d/b/a DUROVAC INDUSTRIAL VACUUMS, & JAN OSTERMEIER INDUSTRIAL VACUUMS SALES LLC (A Wisconsin Corporation) ) | Judge Der-Yeghiayan Magistrate Judge Valdez |
| ) | |
| Defendants. ) | |

**MOTION FOR REFERRAL TO MAGISTRATE FOR SETTLEMENT MEDIATION AND TO STAY DISCOVERY DURING SETTLEMENT DISCUSSIONS**

Defendants Northwind Air Systems, Jan Ostermeier and Jan Ostermeier Industrial Vacuum Sales LLC (collectively "Defendants") respectfully submit this Motion for Referral to Magistrate for Settlement Mediation and to Stay Discovery During Settlement Discussions. In support of their Motion, Defendants state as follows:

(1)  On January 4, 2008 Plaintiff DeMarco Max Vac Corporation ("Plaintiff") filed a complaint in this Court ("Complaint") alleging state and federal claims arising out of Defendants' purported use of Plaintiff's declared "Max-related" family of trademarks for industrial vacuums. Plaintiff seeks injunctive and monetary relief.

(2)  On April 25, 2008, Plaintiff served Defendant Northwind Air Systems with its First Requests for Production, Interrogatories and Requests to Admit ("First Set Discovery").

(3)  A preliminary review of the facts alleged in the Complaint shows that, assuming liability, damages would be nominal at best. For example, all companies involved are small

entities, each with annual sales of less than $3 million per year and only a handful of employees. The number of total "infringing sales" for which Defendants could be liable, if any, appears to be fewer than three units. And, of the marks for which Plaintiff has indicated a dispute, only one was allegedly used by Defendants, was on Defendant Northwind's website for approximately one month, and was removed immediately upon notice of a dispute. Defendants believe that the attorneys' fees that would be generated just in responding to discovery would far exceed any alleged "damages" at issue.

(4) Accordingly, Defendants respectfully suggest that referral of this matter to Magistrate Judge Valdez for mediation would benefit all parties. "[M]agistrate judges in the Northern District of Illinois have become increasingly active in mediating settlements among parties in lawsuits." *Pesek v. Donahue*, 2006 U.S. Dist. LEXIS 26209 at *11 (N.D. Ill. Feb. 9, 2006). Defendants believe that Judge Valdez's involvement would promptly resolve this case, particularly in light of the *de minimis* damages at issue.

(5) Defendants are prepared, under the auspices of Judge Valdez, to provide information sufficient for Plaintiff to evaluate its damages (assuming liability). In addition, Defendants' principals would attend mediation and provide reasonable backup data (relating both to liability and damages) sufficient to settle the matter. Defendants believe that this approach would be the most cost-effective means of resolution.

(6) Defendants early on expressed an interest in settling the matter before discovery and notified Plaintiff of the nominal amount of damages at issue. Plaintiff, however, rebuffed the overture. Defendants recently reiterated their desire to discuss amicable resolution and were again turned down. Counsel for Defendants accordingly believes this case is being driven more

by emotion, rather than the merits, and that the case is an excellent candidate for magistrate-sponsored mediation.

(7) In light of the above, and in furtherance of the Defendants' goals to minimize costs to the parties, Defendants further request that, should this matter be referred to Judge Valdez for mediation, this Court temporarily stay discovery, including court-set and discovery deadlines, during the mediation process.

WHEREFORE, for the reasons stated herein, Defendants respectfully request that this Court grant Defendants' Motion for Referral to Magistrate for Settlement Mediation and further temporarily stay discovery, including discovery deadlines set by this Court, during settlement discussions.

Dated: May 19, 2008

Respectfully submitted,

By:  /s/ Jeana R. Lervick

Michael J. Abernathy
Jeana R. Lervick
BELL, BOYD & LLOYD LLP
Three First National Plaza
70 West Madison Street
Suite 3100
Chicago, Illinois 60602
312.372.1121
312.827.8000 (facsimile)

ATTORNEYS FOR DEFENDANTS

3