UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEMARCO MAX VAC CORPORATION, | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | Civil Action No. 08 C 77 |
| NORTHWIND AIR SYSTEMS (a Canadian Corporation) d/b/a DUROVAC INDUSTRIAL VACUUMS, & JAN OSTERMEIER INDUSTRIAL VACUUMS SALES LLC (A Wisconsin Corporation), | ) ) ) ) ) ) ) | Judge Der-Yeghiayan Magistrate Judge Valdez |
| Defendants. | ) | |

### DEFENDANT JAN OSERMEIER'S
### ANSWER AND AFFIRMATIVE DEFENSES

Defendant Jan Osermeier ("Defendant"), an individual,[1] by his attorneys and for his Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

### ANSWER TO COMPLAINT

**I. Parties**

1. Plaintiff, DeMarco is an Illinois corporation with its principal place of business located in McHenry, Illinois.

**RESPONSE:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 1.

---

[1] Although it was initially represented by Plaintiff that Mr. Ostermeier was not being sued in his individual capacity, this position has changed. Accordingly, Plaintiff provided Mr. Ostermeier to and including June 2, 2008 in which to answer or otherwise plead.

1

2. Durovac, upon information and belief, is a Canadian corporation with its principal place of business located in 15 Iris Crescent, Brampton, Ontario (Canada).

**RESPONSE:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 2.

3. Jan Ostermeier is a resident of Wisconsin. Upon information and belief, he is the sole member of IVS, a Wisconsin limited liability company.

**RESPONSE:**

Defendant admits the allegations in Paragraph 3.

**II. Jurisdiction and Venue**

4. This is a complaint for Trademark Infringement, Unfair Competition, and False Description arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) (Trademark Infringement) and 1125(a) (Unfair Competition and False Description), and for Unfair Business Practice arising under Illinois law.

**RESPONSE:**

Defendant admits the allegations in Paragraph 4.

5. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121. This Court has related claim jurisdiction over the state law claim pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

**RESPONSE:**

Defendant admits the allegations in Paragraph 5.

6. This Court has personal jurisdiction over the defendants Durovac, Ostermeier and IVS because they each maintain a presence in the State of Illinois by and through their respective solicitation of business in Illinois, by and through sales to Illinois customers through their

2

internet website accessible in Illinois through the domain name www.durovac.com and www.industrialvacumesales.com by virtue that Defendants intended to, and did engage in acts that resulted in harmful effects in Illinois. On information and belief too, each of the Defendants have systematically conducted business in the State of Illinois.

**RESPONSE:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 6.

7. Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, a substantial part of the property that is the subject of the action is situated in this district, and the Plaintiff maintains its principal place of business in this district.

**RESPONSE:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

**III.   Trademark At Issue**

8. DeMarco is in the business of manufacturing and marketing of certain industrial vacuum equipment. DeMarco is the owner of all right, title and interest in and to the trade marks "Max," "Max Vac" "Super Max Vac" and "DeMarco Max Vac" (collectively referred to herein as ('Max'-related marks") as used in relation to vacuum cleaners for industrial use and vacuum loaders and pneumatic conveyors for use in schools, commercial buildings and industrial plants for removing asbestos and other fibrous material and particulates under suction and negative pressure (hereinafter "Industrial Vacuums").

**RESPONSE:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. In recognition of DeMarco's exclusive rights to the trade marks "Max" in the context of Industrial Vacuums, the U.S. Patent and Trademark Office has granted DeMarco numerous registrations on the principal register for the marks "Max," "Max Vac" "Super Max Vac" and "DeMarco Max Vac" which it utilizes by displaying with the mark the symbol "®".

**RESPONSE:**

Defendant admits that Plaintiff is named as the owner of federal trademark registrations for the marks "Max," "Max Vac," "Super Max Vac," and "DeMarco Max Vac." Defendant denies the remaining allegations of Paragraph 9.

10. All of DeMarco's U.S. registrations for the "Max"-related marks are valid and subsisting in law and were duly and legally issued.

**RESPONSE:**

Defendant denies the allegations in Paragraph 10.

11. DeMarco's "Max"-related marks have been used continuously by DeMarco prior to the registration of its marks.

**RESPONSE:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. DeMarco's success and its prospects for continued success depend upon its ability to maintain exclusive use of its proprietary marks, including exclusive use of the trade name "Max" and "Max Vac" in the Industrial Vacuum marketplace. DeMarco has invested heavily in advertising its products with its "Max"-related marks and its marks have become associated in the Industrial Vacuum marketplace with high quality, long life, low maintenance and low cost.

**RESPONSE:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations relating to the investment Plaintiff has made in its advertising. Defendant denies the remaining allegations in Paragraph 12.

### IV.    Defendants' Wrongful Actions

13.    Defendants are marketing competing products in the Industrial Vacuum market called under the trade name "Max-Ak" and "Max" This both directly infringes upon the "Max" trade name owned by DeMarco and further constitutes a confusingly similar and improper us of the "Max Vac" trade name.

**RESPONSE:**

Defendant denies the allegations in Paragraph 13.

14.    DeMarco further manufactures a line of industrial vacuums sold as the "Ak-Max Competitor Series." In a deliberate attempt to confuse customers, Defendants are marketing a product referring to as the "Max-Ak Competitor Plus Series"

**RESPONSE:**

Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff manufactures a line of industrial vacuums sold as the "Ak-Max Competitor Series." Defendant denies the remaining allegations of Paragraph 14.

15.    Defendants are also improperly using the trade name "Max" in association with their marketing of other Industrial Vacuum products such as the "Powerlift MAX."

**RESPONSE:**

Defendant denies the allegations in Paragraph 15.

## C O U N T   I
### Federal Trademark and Service Mark Infringement

16. Plaintiff repeats the allegations of Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

**RESPONSE:**

Defendant repeats and reaffirms his responses to Paragraphs 1 through 15 as if fully restated herein.

17. Defendants has used the "Max"-related service marks without authorization from DeMarco and with actual knowledge of DeMarco's rights in the marks.

**RESPONSE:**

Defendant denies the allegations in Paragraph 17.

18. Defendants are using and continues to use the "Max" related marks in order to deceive the public into believing, mistakenly, that the Defendants' products are related to and/or associated with DeMarco's products or upon information and belief, consumers are in fact being deceived by the wrongful use of the "Max"-related marks, and DeMarco is suffering actual damage to its business reputation and goodwill.

**RESPONSE:**

Defendant denies the allegations in Paragraph 18.

19. The above identified conduct constitutes an intentional infringement of DeMarco's exclusive rights in its federally registered "Max"-related service marks in violation of 15 U.S.C. § 1114(1).

**RESPONSE:**

Defendant denies the allegations in Paragraph 19.

6

20. Defendants' acts of unfair competition as alleged herein are causing and are likely to continue to cause substantial, irreparable injury to DeMarco and to the goodwill of the "Max"-related marks, for which DeMarco has no adequate remedy at law. DeMarco is therefore entitled to temporary, preliminary and permanent injunctive relief to remedy Defendants' actions, and/or inactions in addition to damages.

**RESPONSE:**

Defendant denies the allegations in Paragraph 20.

21. Defendants' actions have unjustly enriched it and damaged Plaintiff, thereby entitling Plaintiff to monetary damages in an amount to be determined at trial.

**RESPONSE:**

Defendant denies the allegations in Paragraph 21.

## COUNT II
### Federal Unfair Competition

22. Plaintiff repeats the allegations of Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

**RESPONSE:**

Defendant repeats and reaffirms his responses to Paragraphs 1 through 15 as if fully restated herein.

23. Defendants engaged in willful efforts to mislead or deceive consumers into believing that its products are associated with DeMarco or affiliated with, or sponsored or endorsed by DeMarco.

**RESPONSE:**

Defendant denies the allegations in Paragraph 23.

7

24. Defendants' actions and/or inactions constitute unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**RESPONSE:**

Defendant denies the allegations in Paragraph 24.

25. Such acts of unfair competition by Defendants as alleged herein are causing and are likely to continue to cause substantial irreparable injury to DeMarco and the public for which DeMarco has no adequate remedy at law. DeMarco is therefore entitled to preliminary and, thereafter, permanent injunctive relief to remedy such unauthorized actions, in accordance with 15 U.S.C. 1116, in addition to damages, in accordance with 15 U.S.C. 1117. DeMarco is further entitled to immediate delivery from Defendants of Plaintiffs' "Max"-related marks and all other related proprietary materials pursuant to 15 U.S.C. 1118.

**RESPONSE:**

Defendant denies the allegations in Paragraph 25.

26. As a result of Defendants' willful and intentional misconduct, Plaintiff is entitled to monetary damages permitted by statute in an amount to be determined at trial.

**RESPONSE:**

Defendant denies the allegations in Paragraph 26.

## C O U N T   I I I
### Federal Trademark and Service Mark Dilution

27. Plaintiff repeats the allegations of Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

**RESPONSE:**

Defendant repeats and reaffirms his responses to Paragraphs 1 through 15 as if fully restated herein.

28.     The "Max"-related marks are famous and became famous prior to Defendants' unauthorized use of them.

**RESPONSE:**

Defendant denies the allegations in Paragraph 28.

29.     Defendants' unauthorized use and the continuing use of the "Max"-related marks constitutes commercial use in commerce of a mark or name that tarnishes and dilutes the distinctive quality of Max-related marks in violation of the Federal Dilution Act of 1995, 15. U.S.C. § 1125(c).

**RESPONSE:**

Defendant denies the allegations in Paragraph 29.

30.     Such conduct has caused, and unless temporarily, preliminarily, and thereafter permanently enjoined, will continue to cause, irreparable injury to Plaintiff and to the goodwill associated with the "Max"-related marks.

**RESPONSE:**

Defendant denies the allegations in Paragraph 30.

31.     Defendants' misconduct has enabled it to earn profits to which it was not in equity or good conscience entitled, and this misconduct unjustly enriched it at DeMarco's expense.

**RESPONSE:**

Defendant denies the allegations in Paragraph 31.

32.     As a direct and proximate result of Defendants' willful and intentional misconduct, Plaintiff is entitled to monetary damages permitted by statute in an amount to be determined at trial.

**RESPONSE:**

Defendant denies the allegations in Paragraph 32.

## C O U N T   I V
**Misappropriation and Conversion**

33. Plaintiff repeats and alleged the allegations of Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

**RESPONSE:**

Defendant repeats and reaffirms his responses to Paragraphs 1 through 15 as if fully restated herein.

34. Defendants have, through its unauthorized use and continuing use of the "Max"-related marks, misappropriated the marks and associated goodwill, and has unlawfully converted them to its own use.

**RESPONSE:**

Defendant denies the allegations in Paragraph 34.

35. Defendants' intentional and willful misconduct has enabled it to earn profits to which it was not entitled in equity or good conscience.

**RESPONSE:**

Defendant denies the allegations in Paragraph 35.

36. DeMarco is therefore entitled to recover from Defendants all profits earned as a result of its misappropriation and conversion in an amount to be determined at trial.

**RESPONSE:**

Defendant denies the allegations in Paragraph 36.

37. Because such misappropriation and conversion was committed willfully and performed with intent to harm DeMarco, DeMarco is also entitled to punitive damages in an amount to be determined at trial.

**RESPONSE:**

Defendant denies the allegations in Paragraph 37.

## COUNT V
### Common Law Unfair Competition

38. Plaintiff repeats and alleged the allegations of Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

**RESPONSE:**

Defendant repeats and reaffirms his responses to Paragraphs 1 through 15 as if fully restated herein.

39. Upon information and belief, Defendants have used, and continue to use the "Max"-related marks with the intent of deceiving and misleading the public and with the intent of misdirecting business to Defendants under the mistaken belief that the Defendants' products are associated with DeMarco's products and therefore constitute unfair competition.

**RESPONSE:**

Defendant denies the allegations in Paragraph 39.

40. DeMarco has been and will continue to be irreparably harmed by Defendants' conduct unless and until Defendants' actions are temporarily, preliminarily, and thereafter permanently enjoined.

**RESPONSE:**

Defendant denies the allegations in Paragraph 40.

41. DeMarco has no adequate remedy at law; therefore, it is entitled to the preliminary, and permanent injunctive relief it seeks, in addition to damages in an amount to be determined at trial.

**RESPONSE:**

Defendant denies the allegations in Paragraph 41.

## C O U N T   V I
### Illinois Consumer Fraud and Deceptive Business Practices Act

42. Plaintiff repeats and alleges the allegations of Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

**RESPONSE:**

Defendant repeats and reaffirms his responses to Paragraphs 1 through 15 as if fully restated herein.

43. Defendants' actions as set forth above constitute unfair and deceptive practices in conduct of trade or commerce in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1, et. seq.

**RESPONSE:**

Defendant denies the allegations in Paragraph 43.

44. Defendants have committed and continues to commit these acts willfully and with the intent that consumers will rely on these unfair and deceptive trade practices.

**RESPONSE:**

Defendant denies the allegations in Paragraph 44.

45. Plaintiff has suffered actual damages as a result of these acts.

**RESPONSE:**

Defendant denies the allegations in Paragraph 45.

46. Plaintiff is entitled to an injunction enjoining Defendants from the further commission of unfair and deceptive trade practices and are entitled to recover actual damages, damages for aggravation and inconvenience, punitive damages, and attorney fees pursuant to 815 Ill. Comp. Stat. 501/l0a(c).

**RESPONSE:**

Defendant denies the allegations in Paragraph 46.

## COUNT VII
### Uniform Deceptive Trade Practices Act

47. Plaintiff repeats and alleges the allegations of Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

**RESPONSE:**

Defendant repeats and reaffirms his responses to Paragraphs 1 through 15 as if fully restated herein.

48. Defendants' actions as set forth above constitute deceptive trade practices in violation of the Uniform Deceptive Trade Practices Act, enacted in Illinois pursuant to 815 Ill. Comp Stat. 510/1, et. seq.

**RESPONSE:**

Defendant denies the allegations in Paragraph 48.

49.	Defendants have engaged in and continues to engage in these deceptive trade practices willfully.

**RESPONSE:**

Defendant denies the allegations in Paragraph 49.

50.	Plaintiff is entitled to an injunction enjoining Defendants, their successors and assigns from the further commission of these deceptive trade practices and are entitled to recover costs and attorney fees pursuant to 815 Ill. Comp. Stat. 510/3.

**RESPONSE:**

Defendant denies the allegations in Paragraph 50.

## AFFIRMATIVE AND OTHER DEFENSES

### First Affirmative Defense

1.	Defendant does not infringe and has not infringed the "'Max'-related marks" as defined in Plaintiff's Complaint ("named trademarks").

### Second Affirmative Defense

2.	Defendant's use and rights in the "Max" mark are prior and superior to Plaintiff's use of its "'Max'-related" marks.

### Third Affirmative Defense

3.	Plaintiff is not the senior user of the mark and therefore does not have priority.

**Fourth Affirmative Defense**

4. The "'Max'-related" marks and Defendant's marks are not similar in appearance, sound, connotation and/or commercial impression.

**Fifth Affirmative Defense**

5. Plaintiff has not suffered any damage or injury as a result of any activities of Defendant alleged in its Complaint.

**Sixth Affirmative Defense**

6. Plaintiff has failed to state a claim upon which relief can be granted, particularly as relates to Count IV (Misappropriation and Conversion), Count VI (Illinois Consumer Fraud and Deceptive Business Practices Act) and Count VII (Uniform Deceptive Trade Practices Act).

**Seventh Affirmative Defense**

7. Defendant cannot be sued in his individual capacity for the acts alleged in Plaintiff's Complaint.

**RELIEF REQUESTED**

WHEREFORE, Defendant requests that the Court enter a judgment in his favor and against Plaintiff DeMarco, providing Defendant the following relief:

A. Dismiss DeMarco's Complaint with prejudice;

B. Deny any injunction sought by DeMarco against Defendant;

C. Order, adjudge, and decree that Defendant does not infringe the "'Max'-related" trademarks;

D. Order, adjudge, and decree that this is an exceptional case under 15 U.S.C. § 1117(a) and award Defendant his reasonable attorneys' fees and costs;

E. Award such other and further relief as the Court may deem just.

Dated: June 2, 2008

Respectfully submitted,

By: _/s/ Jeana R. Lervick_

Michael J. Abernathy
Jeana R. Lervick
BELL, BOYD & LLOYD LLP
Three First National Plaza
70 West Madison Street
Suite 3100
Chicago, Illinois 60602
312.372.1121
312.827.8000 (facsimile)
Attorney No. 90100

16