**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| DEMARCO MAX VAC CORP., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 08-cv-77 |
|  | ) | Hon. Samuel Der-Yeghiayan |
| v. | ) | Mag. Judge Maria Valdez |
| NORTHWIND AIR SYSTEMS (a Canadian Corporation) d/b/a DUROVAC INDUSTRIAL VACUUMS, & JAN OSTERMEIER INDUSTRIAL VACUUMS SALES LLC (a Wisconsin Corporation), | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**<u>AGREED PROTECTIVE ORDER</u>**

WHEREAS, the Parties, Plaintiff DeMarco Max Vac Corporation ("Plaintiff") and Defendants Northwind Air Systems, Jan Ostermeier and Jan Ostermeier Industrial Vacuum Sales LLC ("Defendants") (collectively "the Parties"), and non-parties may, during the course of this action, be required to disclose trade secrets and other confidential research, development, marketing, or proprietary commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the Parties, through counsel, have moved for entry of this Protective Order pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information;

IT IS HEREBY ORDERED that the following provisions of this Protective Order regarding confidentiality (hereinafter "Order") shall govern and control the disclosure, dissemination, and use of information in this action.

1. This Order shall govern the production, use, and disclosure of confidential documents and information produced, used, or disclosed in connection with this action and designated in accordance with this Order. Any Party, non-party, or person disclosing information (hereinafter "Disclosing Party") may designate information or documents produced, used, or disclosed in connection with this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and subject to the protections and requirements of this Order, if so designated in writing to each Party, by stamping the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the documents or information prior to production, orally if recorded as part of a deposition or court record, or in writing to each Party following a deposition or court record, pursuant to the terms of this Order.

2. In designating information and materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", counsel for a Disclosing Party will make such designation only as to that information that he or she in good faith believes to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as defined in Paragraph 2(a) or 2(b) of this Order.

a. "CONFIDENTIAL" means trade secrets, other confidential, non-public and proprietary technical information, including, research or development information, patent applications, commercial, financial, budgeting and/or accounting information, information about existing customers, marketing studies, performance and projections, business strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information, and confidential and proprietary information about affiliates, parents, subsidiaries and third parties with whom the Parties to this action have had business relationships that a producing party in good faith so designates because of its view that the information or any information derived therefrom contains or reflects trade secrets, or other confidential research, development, or commercial information. The "CONFIDENTIAL" category shall be invoked by a Disclosing Party only relative to information, documents or categories of documents that contain confidential information that legitimately falls within the definition of protectable documents under Fed. R. Civ. P. 26(c).

b. "HIGHLY CONFIDENTIAL" means only information and documents that contain or refer to trade secrets, research and development, or financial information that, if disclosed to a business competitor, would tend to damage the Disclosing Party's competitive position.

3. To the extent the Disclosing Party is a non-party to the current litigation, counsel for the Parties to the current litigation may change the designation of a document under the circumstances of Paragraph 3(a) of this Order.

a. If a non-party produces information designated as "CONFIDENTIAL" or produces information without any confidentiality designation, a Party has the right to change such designation to the extent the designated, or non-designated, information at issue contains information that the Party in good faith deems "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to that Party as defined by Paragraph 2. If a Party redesignates a document produced by a non-party, the Party shall provide written notice to the non-party of such redesignation. Any redesignation by a Party will be given full effect of protection under this Order. A non-party or Party may challenge the changed designation. Any challenge to such redesignation must follow the requirements of Paragraph 7 of this Order.

4. In the case of a document, a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be accomplished by marking the document with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Marking the cover of a multi-page document shall not designate all pages of the document confidential; rather, each page containing confidential information must be separately marked. As to those documents that are produced for examination for

the purposes of allowing opposing counsel to determine which of those documents opposing counsel wants to copy, those documents shall be treated as "HIGHLY CONFIDENTIAL" pursuant to this Order, whether or not marked, until copies of the documents are requested and produced, at which time the produced documents and information therein shall be held pursuant to this Order based upon the designation, if any, marked upon the documents by the Disclosing Party.

     5.    Information conveyed or discussed in testimony at a deposition shall be subject to this Order provided it is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" orally or in writing either at the time the testimony is given or after receipt by the Parties of the transcript. During such time as any information or documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are disclosed in a deposition, any Party shall have the right to exclude from attendance at the deposition any person who is not entitled to receive such information or documents pursuant to this Order. Unless counsel for a Party states otherwise on the record, the entire deposition transcript for each deponent in this action and the information contained therein is to be treated as "HIGHLY CONFIDENTIAL" for a period of time not to exceed 30 days after the Party receives a copy of the deposition transcript, during which time the Party may designate, in writing, specific portions of the transcript "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate. If the Party fails to designate in

writing any portions of the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" within the 30 day period, the other Parties shall be permitted to use the transcript and the information contained therein with no restrictions of confidentiality subject to the provisions of paragraph 6 below.

6.   Subject to the provisions of Paragraphs 2, 3 and 4, the failure to designate information or documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with this Order and the failure to object to such a designation shall not preclude a Party from subsequently designating or objecting to the designation of such information or documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  The Parties understand and acknowledge that failure of a Party to designate information or documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" relieves the receiving Party of obligations of confidentiality until such a designation is made, except as otherwise provided herein.

7.   A Party that objects to the designation of any document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall provide written notice of the objection to the designating Party.  The notice shall state with specificity the document objected to and the basis for the objection.  The parties shall confer and attempt in good faith to resolve the disagreement.  If the dispute cannot be resolved, the objecting Party may move the Court, requesting that the

document(s) in question be redesignated. If such motion is brought by the objecting Party, the designating Party shall bear the burden of establishing the confidentiality of the document(s) in question. No Party shall be under any obligation to object to any designation of confidentiality at the time such designation is made, or any time thereafter. No Party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such a designation at any time thereafter. Nothing in this Order shall be construed to admit or adjudicate the actual confidentiality of any such material, but rather this Order is solely for the purpose of facilitating the discovery process in this action.

8.  Other than by the Disclosing Party, any information or document designated as "CONFIDENTIAL" shall be used solely in connection with this action and shall not be used in any other manner by a receiving Party. Any such designated information or documents shall not be disclosed to anyone other than:

   a.  the Court and Court personnel, including jurors;

   b.  court reporters taking testimony in this action and their necessary stenographic, videographic, and clerical personnel;

   c.  outside counsel of record for the Parties and outside counsel's employees including internal and external document vendors;

   d. no more than three (3) designated employees of each Party, as agreed upon by counsel solely for purposes of this action, who shall, prior to receiving such disclosure, be furnished with a copy of this Order and shall execute a Declaration in the form of Exhibit A attached hereto, confirming that he/she has read and understands the provisions of this Order and agrees to be bound hereby ("Designated Employees").

   e. testifying experts, investigators, consulting experts, advisors, jury consultants, and mock jury members that are not presently employees of a Party, provided, however, that before any such person other than a mock jury member is shown or receives any information or document designated as "CONFIDENTIAL," he or she must execute a Declaration in the form of Exhibit A attached hereto and the procedures of Paragraph 11 shall be followed;

   f. persons testifying in depositions (including, without limitation, persons preparing to testify in such depositions), to the extent the face of the "CONFIDENTIAL" document or information shows that the document was authored by, addressed to, or received by, or otherwise known by the person or Party testifying; and

   g. such other persons as the Parties may designate in writing by stipulation or orally agree upon on the record at a deposition in this action, provided, however, that before such person is shown or receives any information

or document designated as "CONFIDENTIAL" he or she must (1) execute a Declaration in the form of Exhibit A attached hereto or (2) agree orally on the record at a deposition in this action to be bound by the terms of this Order, and further provided that any documents designated as "CONFIDENTIAL" shall not be left in the possession of the person subject to this subparagraph "g", except as may be required by Fed. R. Civ. P. 30 or unless the person otherwise qualifies for access to such documents pursuant to this Order.

9. Other than by the Disclosing Party and as limited by Paragraph 11 below, any information or document designated as "HIGHLY CONFIDENTIAL" shall be used solely in connection with this action and shall not be used in any other manner by a receiving Party. Any such designated information or documents shall not be disclosed to anyone other than:

    a. the Court and Court personnel, including jurors;

    b. court reporters taking testimony in this action and their necessary stenographic, videographic, and clerical personnel;

    c. outside counsel of record for the Parties and outside counsel's employees including internal and external document vendors;

    d. testifying experts, jury consultants, and mock jury members that are not presently employees of a Party, provided, however, that before any such person other than a mock jury member is shown or receives any information

or document designated as "HIGHLY CONFIDENTIAL" he or she must execute a Declaration in the form of Exhibit A attached hereto and the procedures of Paragraph 11 shall be followed;

      e.    persons testifying in depositions (including, without limitation, persons preparing to testify in such depositions), to the extent the face of the "HIGHLY CONFIDENTIAL" document or information shows that the document was authored by, addressed to, or received by the person or Party testifying;

      f.    for documents produced by either Party in this action, and subject to subparagraph 9(g) below, such other persons as the Parties may designate in writing by stipulation or orally agree upon on the record at a deposition in this action, provided, however, that before such person is shown or receives any information or document designated as "HIGHLY CONFIDENTIAL" he or she must (1) execute a Declaration in the form of Exhibit A attached hereto or (2) agree orally on the record at a deposition in this action to be bound by the terms of this Order, and further provided that any documents designated as "HIGHLY CONFIDENTIAL" shall not be left in the possession of the person subject to this subparagraph "f", except as may be required by Fed. R. Civ. P. 30 or unless the person otherwise qualifies for access to such documents pursuant to this Order.

  g. for documents produced by a non-party to this action, such other persons as the non-party may designate in writing by stipulation or orally agree upon on the record at a deposition in these actions, provided, however, that before such person is shown or receives any information or document designated as "HIGHLY CONFIDENTIAL" he or she must (1) execute a Declaration in the form of Exhibit A attached hereto or (2) agree orally on the record at a deposition in these actions to be bound by the terms of this Order, and further provided that any documents designated as "HIGHLY CONFIDENTIAL" shall not be left in the possession of the person subject to this subparagraph "g", except as may be required by Fed. R. Civ. P. 30 or unless the person otherwise qualifies for access to such documents pursuant to this Order.

  10. The attorneys of record for each of the Parties shall retain the original, executed Declarations (in the form of Exhibit A hereto) that have been executed by that Party and/or its employees and that Party's witnesses, testifying experts, investigators, consultants, advisors, and jury consultants. It shall be sufficient for a testifying expert, investigator, consultant, advisor, and jury consultant to execute the Declaration on behalf of the members and employees of his or her firm; no additional Declarations are necessary from such members and employees. Prior to disclosure of any documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to any testifying or consulting experts, a copy of the

executed Declaration shall be served upon opposing counsel and, for non-Party documents or information designated by the non-party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," upon the non-Party together with a copy of such person's curriculum vitae, a general statement of any prior or current relationship or connection with either Party, a list of all cases in which such person has been deposed or testified as an expert in the past 5 years, and a general statement as to the issues the expert is intended to opine upon, attached.  Opposing counsel and, if applicable, each non-party shall make any objections to the disclosure to the testifying expert in writing no later than five (5) business days from the date of receipt.  No such disclosure shall occur until any objection is resolved or the Court grants a motion permitting the disclosure.  The burden to file any such motion is on the Party that seeks to disclose documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to a testifying expert.  Any such objections to the disclosure must be in good faith and not interposed for purposes of delay or harassment.

    11.    Whenever any document designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or any pleading designated as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information is filed with the Court, such document or pleading shall be filed under seal and shall display a bold heading on its first page in substantially the following form: "FILED UNDER

SEAL SUBJECT TO PROTECTIVE ORDER." The Clerk of the Court is directed to maintain under seal only those documents and transcripts of deposition testimony filed in the Court in this litigation which have been designated, in whole or in part, as "CONFIDENTIAL" information or "HIGHLY CONFIDENTIAL" information by a Party to this litigation. Such designation shall be readily visible and legible on at least the cover of each such document and/or transcript filed with the Court.

12. Unless otherwise permitted herein, within sixty (60) days after the final disposition of the action, including all appeals therefrom, all documents (originals and copies) designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and all excerpts therefrom in the possession, custody, or control of Parties other than the Disclosing Party, and experts, investigators, advisors, or consultants shall be destroyed or returned to counsel for the Disclosing Party. Outside Counsel for Parties other than the Disclosing Party may retain copies of each document, pleading, trial exhibit, deposition exhibit, work product, and transcript embodying documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" for archival purposes only, but shall destroy or return any other copies of such documents, pleadings, trial exhibits, deposition exhibits, work product, and transcripts. Upon request, the Parties and their counsel shall separately provide written certification to the

Disclosing Party within sixty (60) days after the final disposition of this action that the actions required by the paragraph have been completed.

13. The Court shall retain jurisdiction over the Parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications, and additions to this Order and such other and further relief as may be necessary, and any Party may apply to the Court at any time for an amendment, modification, or addition to this Order. This Order shall survive the final disposition of the action, by judgment, dismissal, settlement, or otherwise.

14. A Party in receipt of documents or information designated as confidential hereunder who is required to disclose the document or information pursuant to any law, regulation, order, or rule of any governmental authority, shall give immediate advance notice within two (2) business days, to the extent possible, or, if not possible, shall give notice as soon as possible thereafter, of any such requested or actual disclosure in writing to the counsel of the other Parties to afford the Parties the opportunity to seek legal protection from or otherwise limit the disclosure of such information or documents.

15. In the event that anyone violates or threatens to violate the terms of this Order, the Parties agree that the aggrieved Party may apply immediately to obtain injunctive relief against any such violation or threatened violation, and in the event the aggrieved Party shall do so, the respondent, subject to the provisions

of this Order, shall not employ as a defense thereto any claim that the aggrieved Party possesses an adequate remedy at law. To the extent the Court finds that a Party has violated the terms of this Order, that Party shall pay the other Party's attorneys' fees incurred in bringing the violation to the Court's attention, in addition to any other penalty the Court may impose.

16. Neither this Order nor any stipulation therefore, nor any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall be deemed an admission, waiver, or agreement by any Party that any information or document designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" hereunder is or is not a trade secret or confidential information for purposes of determining the merits of any claims any Party may have against one another or a third Party. Neither this Order nor any stipulation therefore shall be deemed to expand the scope of discovery in this action beyond the limits otherwise prescribed by law, nor to enlarge the scope of discovery to matters unrelated to this action.

17. Inadvertent production of documents subject to work product immunity or the attorney-client privilege or any other privilege or immunity shall not constitute a waiver of the immunity or privilege; provided that the Disclosing Party notifies the receiving Party in writing via facsimile or email of such inadvertent production immediately upon learning of same. Such inadvertently produced documents, and all copies thereof, shall be returned to the Disclosing

Party upon request within three (3) business days except that, if the receiving Party intends to request that the Court order the production of any such inadvertently produced documents, it may retain one copy of the document for such purpose and if so, notify the Disclosing Party promptly. The receiving Party must return such inadvertently produced documents if the receiving Party does not request such relief from the Court within three (3) business days or if the Court denies any such relief, whichever is longer, and no use may be made of such documents thereafter. Nothing in this Protective Order shall prevent the receiving Party from requesting that the Court order the production of any such inadvertently produced documents. Nothing in this Protective Order prevents any Party from petitioning the Court for return of later discovered, inadvertently produced documents that are subject to work product immunity or attorney-client privilege.

18. Nothing in the order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing; any request for confidentiality, closure, or sealing of any hearing or trial must be made to the judge then presiding over this action. A Party intending to introduce confidential information or documentation at any hearing or trial in this action will approach the bench for a ruling on how the information or documentation is to be treated.

**IT IS SO ORDERED:**


Date:_____    _____
                                                                    United States District Judge

**EXHIBIT "A"**

**AGREEMENT CONCERNING CONFIDENTIAL INFORMATION**

The undersigned hereby acknowledges that he/she has read the Protective Order entered in this litigation on _____ and that he/she understands the terms thereof, that he/she has been designated by _____(INSERT NAME OF PARTY) as a qualified person there under, and that he/she individually and on behalf of _____ (INSERT NAME) agrees to be bound by the terms of such Agreed Protective Order. The undersigned further understands that he/she can be adjudged to be in contempt of Court if found to have violated the terms of this Protective Order and that the Court may award an equitable and legal relief it deems appropriate.

_____        Dated: _____