**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| DEMARCO MAX VAC CORP., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>NORTHWIND AIR SYSTEMS )<br>Et al. )<br>Defendants. )<br>_____) | Civil Action No. 08-cv-77<br>Hon. Samuel Der-Yeghiayan<br>Mag. Judge Maria Valdez |

**AGREED MOTION CONSENTING TO MEDIATION BY MAGISTRATE**

NOW COMES the plaintiff, DeMarco Max Vac Corp., and defendants, Northwind Air Systems, Jan Ostermeier and Industrial Vacuum Sales LLC, by and through their respective attorneys, to respectfully consent and request that this matter be referred to the assigned Magistrate Judge Maria Valdez for purposes of a settlement conference and in support thereof states as follows:

1. All parties in this matter desire to have a settlement/mediation conference before the assigned Magistrate Judge Maria Valdez in this matter.

WHEREFORE, for the above-stated reasons, plaintiff prays that this matter be transferred to Magistrate Judge Maria Valdez for purposes of settlement and/or mediation.

| PLAINTIFF | DEFENDANTS |
|---|---|
| By:  *s/ Jon D. Cohen*_____<br>  One of its Attorneys | By:  /s Jeana R. Lervick_____<br>  One of its Attorneys |
| Jon D. Cohen<br>STAHL COWEN CROWLEY LLC<br>55 West Monroe Street<br>Suite 1200<br>Chicago, Illinois 60603<br>312.641.0060<br>312.641.6959 (facsimile)<br>Attorney No. 6206666 | Michael J. Abernathy<br>Jeana R. Lervick<br>BELL, BOYD & LLOYD LLP<br>Three First National Plaza<br>70 West Madison Street<br>Suite 3100<br>Chicago, Illinois 60602<br>312.372.1121<br>312.827.8000 (facsimile)<br>Attorney No. 90100 |

Case 1:08-cv-00077 Document 28 Filed 08/04/2008 Page 2 of 8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| DEMARCO MAX VAC CORP., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 08-cv-77 |
| ) | Hon. Samuel Der-Yeghiayan |
| v. ) | Mag. Judge Maria Valdez |
| NORTHWIND AIR SYSTEMS ) | |
| (a Canadian Corporation) d/b/a DUROVAC ) | |
| INDUSTRIAL VACUUMS, & JAN ) | |
| OSTERMEIER INDUSTRIAL VACUUMS ) | |
| SALES LLC (a Wisconsin Corporation), ) | |
| ) | |
| Defendants. ) | |

### AGREED ORDER

Upon stipulation of the parties, this matter sha

and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Protective Order pertaining to the disclosure of oral or written discovery, whether by a party or a non-party in the above-captioned lawsuit, is to be entered:

1. <u>Confidential Information</u>. Documents, materials, or any other information generated, produced, disclosed or exchanged during the course of discovery in the above-captioned matter, whether by a party or a non-party, pertaining to business matters and/or client information of the parties in this case, which are believed to be unpublished, generally unknown to the public and/or proprietary.

This information shall be treated as "Confidential" and subject to the terms of this Order. All such documents, materials or information shall hereinafter be referred to as "Confidential Information". Notwithstanding anything herein, no information shall be considered Confidential Information if generally known by third parties who are not

subject to any confidentiality restrictions, information that was previously published by either party and/or information previously known by the party to whom it was published unless it constitutes a Trade Secret under Illinois law.

2. <u>Designation of Confidential Information</u> Documents shall be designated Confidential Information by marking them with the word "CONFIDENTIAL" in a manner which will not interfere with their legibility. This designation shall only be used in a reasonable fashion and upon a good faith basis. This designation shall ordinarily be made before or at the same time as the production or disclosure of the document.

3. <u>Treatment of Confidential Information</u>. Except as otherwise provided herein, the respective counsel may not copy, reproduce, show, divulge, or otherwise communicate in any manner whatsoever, the content or substance of Confidential Information, except in connection with this specific litigation. In connection with this specific litigation, the respective counsel may disclose the content or substance of Confidential Information only to the parties, witnesses, expert witnesses, court reporters, consultants or others employed by the parties or their attorneys in connection with this specific litigation or necessary staff employees of counsel. Confidential Information shall be disclosed to such persons only to the extent necessary to the litigation of this case and for no other purpose.

4. <u>Disclosure of Confidential Information</u> Before receiving or being shown any Confidential Information, all non-parties (with the exception of legal counsel and staff employees of the legal counsel) shall execute a copy of the "Agreement Concerning Confidential Information" attached as Exhibit "A" hereto before any Confidential Information is disclosed to same.

5. Use of Confidential Information Confidential Information shall forever be held in confidence by the party receiving such information and shall not be used for any purpose other than the litigation of the above-captioned lawsuit.

6. Duration of Confidential Treatment. This Order, insofar as it restricts the communication and use of Confidential Information, shall continue to be binding throughout and after the conclusion of this litigation, including all appeals, except as set forth in Paragraph 11, infra.

7. Deposition Transcripts. Deposition testimony and exhibits containing Confidential Information shall be covered by this Order as provided in this paragraph. Additionally, any party may, either on the record of any deposition taken in this matter or by written notice to all counsel of record and the court report no later than five (5) business days after receipt of a deposition transcript, designate as "Confidential" portions thereof which refer to/or otherwise relate to Confidential Information. During the five (5) business days, all transcripts and information contained therein that are designated or otherwise treated as "Confidential" shall be deemed "Confidential Information" under the terms of this Order.

8. Objections to Confidential Designation. If either party objects to the designation of any document or other material as Confidential Information, the parties are to engage in good faith efforts to resolve any such disputes.  If any such dispute cannot be resolved, either or both parties may apply to the Court for a ruling that the document or other information shall not be accorded such status and treatment. Until the Court enters an Order changing the designation of such documents or information, such document or information shall continue to be protected as provided in this Order.

9. <u>Pleadings and Other Court Submissions</u>. To the extent that Confidential Information is referred to in any pleading, motion or other paper or document filed at any time with a Court, the parties shall redact such "Confidential Information". In such event, the redacted version of the paper or document shall be filed with the Court and an unredacted version of the submission shall be submitted to the Court under seal or as otherwise provided by the Court. For purposes of any Court hearings, testimony or evidence presented at the time of any proceedings may be designed as "Confidential Information" by indicating on the record (or at the time if no record is kept) that the testimony or evidence is so designated.

10. <u>Document Retention</u>. Within 120 days of the conclusion of this action, including all appeals, all documents containing "Confidential Information" that have been produced during the litigation shall be either returned to the producing party or destroyed. To the extent that any such documents that are returned to the producing party contain the work product of attorneys, all attorney work product may be redacted therefrom. No copies, extracts or excerpts of any confidential documents shall be retained by the opposing party or its counsel (except as necessary for counsel to preserve appropriate records).

11. <u>Admissibility</u>. Nothing in this Order shall be deemed to preclude the admission into evidence in this case of "Confidential Information" and the parties herein have reserved all rights to seek admission into evidence in this case of "Confidential Information" or to object to the admissibility of such material.

12. <u>Opposing Production</u>. Nothing in this Order shall preclude any party from opposing production of any documents or information for any reason, or from seeking further or different relief should future activities indicate such a need.

| PLAINTIFF | DEFENDANTS |
|---|---|
| By:   *s/ Jon D. Cohen*_____<br>      One of its Attorneys | By:   /s Jeana R. Lervick_____<br>      One of its Attorneys |

Jon D. Cohen
STAHL COWEN CROWLEY LLC
55 West Monroe Street
Suite 1200
Chicago, Illinois 60603
312.641.0060
312.641.6959 (facsimile)

Michael J. Abernathy
Jeana R. Lervick
BELL, BOYD & LLOYD LLP
Three First National Plaza
70 West Madison Street
Suite 3100
Chicago, Illinois 60602
312.372.1121
312.827.8000 (facsimile)
Attorney No. 90100

<u>EXHIBIT "A"</u>

<u>AGREEMENT CONCERNING CONFIDENTIAL INFORMATION</u>

The undersigned hereby acknowledges that he/she has read the Protective Order entered in this litigation on _____ and that he/she understands the terms thereof, that he/she has been designated by _____(INSERT NAME OF PARTY) as a qualified person there under, and that he/she individually and on behalf of _____ (INSERT NAME) agrees to be bound by the terms of such Agreed Protective Order. The undersigned further understands that he/she can be adjudged to be in contempt of Court if found to have violated the terms of this Protective Order and that the Court may award an equitable and legal relief it deems appropriate.

_____　　Dated: _____